IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADENIKE MATTHEW-AJAYI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.   ADC-23-3035 |
| | * | |
| AIRBNB, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Airbnb, Inc. ("Airbnb") moves this Court to grant summary judgment in its favor as to all claims brought by Plaintiff Adenike Matthew-Ajayi ("Plaintiff") in her Amended Complaint. ECF No. 15. After considering the Motion and the responses thereto (ECF Nos. 48, 53, 54), the Court finds that no hearing is necessary.[1] *See* Loc.R. 105.6 (D.Md. 2023). For the reasons stated herein, the Court will GRANT Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of injuries that Plaintiff allegedly sustained while staying at an accommodation that her sister, Ade Olatunde ("Ms. Olatunde"), booked through Airbnb's online marketplace. ECF No. 15. In the fall of 2022, Ms. Olatunde booked an Airbnb ("the Property") in Medellin, Colombia from Jessup, Maryland. *Id.* at ¶ 17. Ms. Olatunde invited a number of guests, including Plaintiff, to join her at the Property in

---

[1] On November 8, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 3. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 14.

1

November to celebrate Ms. Olatunde's birthday. *Id.* at ¶ 19. Plaintiff traveled to the Property, and alleges that, on or about November 20, 2022, she fell down the stairs at the Property and injured her ankle. *Id.* at ¶¶ 20–21. Plaintiff further alleges that, due to her injuries, she left Colombia two days later and was hospitalized in Maryland. *Id.* at ¶¶ 24–25. Plaintiff was diagnosed with three fractures, and she underwent foot surgery on November 23, 2022. *Id.* at ¶¶ 25–26.

While Plaintiff did not book the Property, she had previously created an Airbnb account on January 18, 2022. ECF Nos. 16-1 at 3, 16-2 at ¶ 12. Airbnb's website includes a set of ground rules that it expects its hosts to adhere to, covering a range of health and safety matters. ECF No. 53-4. The ground rules are to "let hosts know what's expected of them" and Airbnb expects hosts to follow all ground rules. ECF No. 53-3 at 9. In the event Airbnb is notified of a ground rule violation, the company reviews the alleged transgression, *Id.* at 12, and a host or their listing may be suspended or removed from the platform depending on the severity or frequency of the violation. ECF No. 53-4 at 4.

Plaintiff filed suit in this Court on November 8, 2023, alleging negligence and a violation of the Maryland Consumer Protection Act. ECF No. 1. On January 12, 2024, Plaintiff filed an Amended Complaint. ECF No. 15. On January 26, 2024, Defendants filed its Motion to Compel Arbitration and to Dismiss for Lack of Personal Jurisdiction. ECF No. 16. This Court responded in a Memorandum Opinion on April 24, 2024, denying Defendant's Motion. ECF No. 28. Defendant then filed the present Motion for Summary Judgment on November 15, 2024. ECF No. 48. Plaintiff filed a Response in Opposition on

December 23, 2024, ECF No. 53, to which Defendant filed a Reply on January 23, 2025. ECF No. 54.

## DISCUSSION

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See English v. Clarke*, 90 F.4th, 636, 645 (4th Cir. 2023) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original))). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted); *see also McMichael v. James Island Charter School*, 840 Fed.Appx. 723, 726 (4th Cir. 2020).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-

3

movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

**Analysis**

A. <u>Negligence (Count I)</u>

Duty is an essential element of any negligence claim, and whether such a duty exists is a question of law for the Court. *Conyers v. Dep't of the Army*, No. JFM-06-231, 2007 WL 141962, at *2 (D.Md. Jan. 12, 2007). Specifically, the duty element in a negligence action is an obligation to which the law will give effect and recognition to conform to a particular standard of conduct toward another. *See Jacques v. First National Bank of Maryland*, 307 Md. 527, 532 (1986).

To impose a duty on a defendant regarding the condition of a property, a plaintiff must demonstrate that the defendant is a "possessor" of the property. *See Funk v. Taubman Co.*, 102 F. Supp. 2d 308, 312 (D.Md. 2000). Additionally, when the plaintiff represents an invitee, the plaintiff must show: 1) that the owner had actual or constructive knowledge of a condition which created an unreasonable risk of harm to the invitee; 2) that the owner should have anticipated that the invitee would not discover the condition or realize the danger, or would fail to protect herself from the danger; and 3) that the owner failed to take

4

reasonable means to make the premises safe or to give adequate warning of the condition to the invitee. *See Lloyd v. Bowles*, 260 Md. 568, 572-73 (1971).

Still, the initial focus of the inquiry rests on whether the defendant owed plaintiff a duty. As courts in Maryland have explained in prior cases involving premises liability, a party will owe a duty to an entrant in an action for premises liability only when he owns, occupies, or has sufficient control of the premises to be answerable for its condition. *See Fuqua v. New Life Evangelical Baptist Church*, No. 376, 2021 WL 6068858, at *1 (Md.App. Dec. 22, 2021); *Dyer v. Criegler*, 142 Md.App. 109, 118 (2002) (explaining that the test for possession includes both the present intent to control the object and the ability to control it).

Here, Plaintiff's Amended Complaint against Airbnb falters at this preliminary question of whether Airbnb owed Plaintiff a duty as to the safety of the premises. As noted above, the inquiry here requires asking whether Airbnb exercised a level of control over the property sufficient to subject it to liability under Maryland law. To this end, Plaintiff claims that ground rules provided on Airbnb's website, together with statements by Airbnb's representative in her deposition, demonstrate that Airbnb exercised the required levels of control to be held liable as a possessor of the property. ECF No. 53 at 7.

Plaintiff also points to other aspects of the relationship between the owner of the property and Airbnb as evidence of this alleged control. Specifically, Plaintiff argues that Defendant represents a leasing agent under Maryland law and that Defendant's provision of insurance policies further demonstrate its status as an owner of the property in question. ECF No. 53 at 8-9.

However, Defendant points out several shortcomings in Plaintiff's arguments here. On one hand, Defendant explains that Plaintiff relies on several cases that involve statutory definitions of ownership, such as those found under the Lead Paint Act and in the Baltimore City Housing Code, that are not implicated in the present lawsuit. ECF No. 54 at 13. More importantly, however, Defendant adequately responds to Plaintiff's arguments concerning its alleged control of the property at issue. *Id.* at 13-15. Specifically, Defendant differentiates between the level of control exercised by owners of property and the level of control it exercises over its own online marketplace. *Id.* at 14. While Airbnb enforces certain policies and guidelines for property owners on its marketplace, this does not amount to control over their hosts' properties. *Id.*

For example, if a property listed on Airbnb's marketplace failed to abide by a specific policy, Airbnb's method of recourse would be to limit this owner's access to its marketplace, as opposed to carrying out changes to the property itself. *Id.* Several other courts have reached the same conclusion as to duty in negligence claims against Airbnb and similar companies. *See, e.g., Carroll v. Am. Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 774-75 (E.D.La. 2017) (finding that Airbnb served as a facilitator of a transaction between an owner of a property and its guests and did not owe the guests a duty); *Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161, 176-78 (D.Mass. 2007) (finding that a plaintiff failed to provide sufficient facts that Expedia, a travel website, had a duty to warn plaintiff concerning hazardous conditions at a third-party hotel).

Plaintiff's additional arguments also fail to move the needle here. Defendant effectively responds to Plaintiff's arguments considering the insurance policies provided

6

by Airbnb, explaining that these policies cannot be used as evidence of liability and that Plaintiff points to no caselaw to support its arguments that the policies amount to evidence of control here. ECF No. 54 at 14. Lastly, even if Plaintiff were able to show that Airbnb qualified as an owner of the property here, her Complaint would further falter as to the issue of notice. *Id.* at 15.

Specifically, Plaintiff has not been able to show that Defendant had constructive notice here. Even assuming *arguendo* that Airbnb did control of the property, the only evidence that Plaintiff has provided as to Airbnb's knowledge of the dangerous condition involves a hearsay statement from an anonymous bystander. *Id.; see also Klock v. Wal-Mart E., LP*, No. GLS-21-2542, 2024 WL 4041536, at *7 (D.Md. Sept. 4, 2024) (finding that a statement made by an unidentified bystander that "the ceiling was leaking again" after a plaintiff slipped represented hearsay).

In sum, Plaintiff's negligence claims fail where it concerns Airbnb's alleged duty to Plaintiff and, even if Plaintiff could show a duty existed, her claims would further fail as to whether Airbnb was on notice here. It follows that this Court will grant Defendant's Motion as to Count I of Plaintiff's Complaint.

B. Maryland Consumer Protection Act (Count II)

Courts in Maryland have recognized that "[t]he purpose of the Maryland Consumer Protection Act ("MCPA") is to 'set certain minimum statewide standards for the protection of consumers across the State ....'" *Assanah-Carroll v. Law Offices of Edward J. Mahrer, P.C.*, 480 Md. 394, 408–09 (2022) (citing CL § 13-102(b)(1)). The statute "prohibits all trade practices that are unfair, abusive, or deceptive in, among other things, the collection

of consumer debts." *Id.*; *see* CL §§ 13-301(14)(iii); 13-303(5). "A consumer bringing a private action under § 13-408 must allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp.2d 310, 319 (D.Md. 2014).

As to the first element, Plaintiff argues that she believed and understood that an Airbnb property would be "safe." ECF No. 53 at 11. Furthermore, Plaintiff argues that Airbnb has marketed, promoted, and made available specific policies regarding safety within its listings, as well as rules for hosts that are meant to promote safety. *Id.* Plaintiff also criticizes Airbnb's public statements that either it or its hosts should be responsive to unexpected issues that arise during stays. *Id.* at 11-12. Specifically, Plaintiff claims that "[a]fter Plaintiff's injury, Airbnb and its Hosts abandoned Matthew-Ajayi." *Id.* at 12. At the same time, however, Plaintiff does not seem to challenge Airbnb's assertion that it only learned of Plaintiff's injury after she filed the present lawsuit, nor does Plaintiff otherwise provide evidence that Airbnb's conduct here violated any of its advertised policies. *Id.* at 12-13. In sum, Plaintiff has failed to provide sufficient evidence to survive summary judgment as to the first element of a MCPA claim.

Still, even assuming *arguendo* that Plaintiff met this burden, Plaintiff's claims would still falter as to the second element here. This Court agrees with Defendant's observation that Plaintiff has failed to produce evidence as to Plaintiff's alleged reliance on statements made by Airbnb. ECF No. 54 at 16. In fact, Plaintiff's response fails to make any mention of reliance on statements made by Airbnb. ECF No. 53. To the contrary, Plaintiff's own response claims that she did not know "about the type of home or the

8

platform" that her sister would use to make the reservation in Colombia. *Id.* at 5. Plaintiff makes consistent statements in her deposition testimony. ECF No. 48-4 at 6. It follows that Plaintiff has failed to provide sufficient evidence as to the second element of her MCPA claim, and that Summary Judgment in Airbnb's favor is warranted as to Count II of Plaintiff's Complaint.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 48) is GRANTED. A separate Order will follow.

Date: 13 February 2025

A. David Copperthite
United States Magistrate Judge